**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WEI SHEN<br><br>        Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Wei Shen ("Plaintiff") hereby brings the present action against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on **Schedule A** attached hereto (collectively, "Defendants") and alleges as follows:

**I.      JURISDICTION AND VENUE**

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2.      This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores operating under the seller aliases and/or names identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer

1

shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products featuring Plaintiff's patented design to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

3.      This Court also has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

4.      Venue is proper against Defendants in this District pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District. Venue is also proper under 28 U.S.C. § 1391(c)(3) because Defendants are not residents of the United States and therefore may be sued in any district, including this District.

## II.      INTRODUCTION

5.      This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's patented design by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use unauthorized and unlicensed leg extension and curl machines as shown in Schedule B that infringe U.S. Patent No. D1,036,577 (the "Infringing Products"). Defendants create e-commerce stores operating under one or more Seller Aliases that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers.

6.      Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of his patented design, as

well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of his lawful patent rights to exclude others from making, using, selling, offering for sale, and importing his patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

III.    **THE PARTIES**

A.    ***Plaintiff***

7.    Plaintiff Wei Shen is an individual residing at Room 405, Building 13, No. 65, Lane 121, Qinghe Road, Jiangbei District, Ningbo, Zhejiang, China.

8.    Plaintiff is the inventor and the lawful owner of all right, title, and interest in and to U.S. Patent No. D1,036,577 (the "'577 patent"), which was lawfully issued on July 23, 2024. Attached hereto as **Exhibit A** is a true and correct copy of the '577 patent.

B.    ***Defendants***

9.    Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

10.    On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto.  Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their

network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

11.     Defendants have directed sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to residents of Illinois.

12.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use the '577 patent, and none of the Defendants are authorized retailers of the genuine products that are authorized to use '577 patent.

13.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

14.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Infringing Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

15.     E-commerce store operators like Defendants are usually in frequent communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

16.     Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

17.     Defendants are knowingly and willfully manufacturing, importing, distributing, offering for sale, and selling Infringing Products. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the '577 patent. Each e-commerce store operating under the Seller Aliases offers shipping to the United States,

including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States and Illinois over the Internet.

18.     Defendants' infringement of the '577 patent in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was and is willful.

19.     Defendants' infringement of the '577 patent in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into Illinois, is irreparably harming Plaintiff.

**COUNT I**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D1,036,577**

20.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

21.     Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the design claimed in U.S. Patent No. D1,036,577. Comparisons of Infringing Products with the '577 patent are provided in Schedule B.

22.     Defendants have infringed U.S. Patent No. D1,036,577 through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of his lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

23.     Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the '577 patent, Plaintiff will continue to be irreparably harmed.

24.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.     making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products;

b.     aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; and

c.     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2)     Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart, Etsy, DHgate, Temu, Shopify, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and

other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

        a.     disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products;

        b.     disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of the Infringing Products; and

        c.     take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3)     Judgment that Plaintiff's asserted patent(s) are valid and enforceable;

4)     Judgment that Defendants have infringed and are infringing U.S. Patent No. D1,036,577;

5)     That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of U.S. Patent No. D1,036,577, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

6)     In the alternative, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of U.S. Patent No. D1,036,577, pursuant to 35 U.S.C. § 289;

7)     That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of U.S. Patent No. D1,036,577 be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

8)     That Plaintiff be awarded his reasonable attorneys' fees and costs; and

9)     Award any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

Dated: November 19, 2024

Respectfully submitted,

By */s/ Mengmeng Luo*
Mengmeng Luo (*admitted*)
**RIMON P.C.**
4220 Duncan Ave., Suite 201
St. Louis, MO 63110
Telephone/Facsimile: (314) 897-5767
Mengmeng.luo@rimonlaw.com

John Handy (*pro hac vice* forthcoming)
**RIMON P.C.**
1765 Greensboro Station Tower I, Suite 900
McLean, VA 22102
(703) 559-7360
john.handy@rimonlaw.com

*Counsel for Plaintiff Wei Shen*

**SCHEDULE A**

| | | |
|---|---|---|
| ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ |
| ▮ | ▮ | ▮ |

## SCHEDULE B



**2**



**3**



**4** [redacted]

| [redacted] | [redacted] |
| --- | --- |
| [redacted] | [redacted] |

**5**



**6**



7



**8**

